IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16CR00058AGF (ACL) |
| | ) | |
| JAMES CLAY WALLER, II, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR PRETRIAL DISCLOSURE

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Larry H. Ferrell, Assistant United States Attorney for said District, and for the Government's Response to Defendant's Request for Pretrial Disclosure, states and alleges as follows:

**1. EVIDENCE WHICH MAY BE THE BASIS FOR PRETRIAL MOTIONS FOR SEVERANCE OR TO SUPPRESS EVIDENCE**

The Government has provided to counsel for the Defendant, consistent with the Order of the Court, a complete disclosure of all information as required under Rule 12(b) of the Federal Rules of Criminal Procedure, including the arguably suppressible evidence it intends to offer at trial against the Defendant.

**A. Search Warrant.** A copy of the search warrant obtained to search the property located at 1121 Woodland, Jackson, Missouri, on June 2, 2011 has been provided to counsel for the defendant.

**B. Application for Search Warrant.** A copy of the application for said search warrant has been provided to counsel for the defendant.

**Rule 16 Material**

The Government incorporates by reference herein the Government's Response to Court's Order Concerning Rule 12(b) Disclosure which was previously provided to counsel for the Defendant.   Pursuant to the requirements of Rule 16 of the Federal Rules of Criminal Procedure, the Government states that:

 **C.** **Statements of Defendant**.

 1. **Written Records Containing Substance of Oral Statements**

The substance of any relevant oral statement made by the defendant in response to interrogation by a known government agent is that Waller traveled from the State of Illinois on June 1, 2011 into the State of Missouri where he murdered his wife, Jacque Sue Waller, and that Waller had dug the grave he buried her in the day before.  This statement was taken at the FBI Headquarters in Cape Girardeau on June 3, 2013 was video and audio recorded and been provided to the defense.

FBI Agent Brian Ritter wrote a report concerning the oral statement and recorded statement made by the defendant at the interview on June 3, 2013.  A copy of that report has been supplied to the defense.

 2. **Relevant Written or Recorded Statements**

The defendant has made one written statement which is contained in the manuscript of a book entitled "If You Take My Kids, I Will Kill You,"  A copy of which has been provided to the defense.

The defendant has made two statements which were recorded:  (1) an interview given at the FBI Headquarters in Cape Girardeau, Missouri on June 3, 2013.  A video and audio copy of that interview has been supplied to the defense; (2) On June 6, 2013, the defendant entered a plea

of guilty to the offense of Murder in the Second Degree, in the Circuit Court of Cape Girardeau County.  A transcript of the plea has been provided to the defense.

**3.  Grand Jury Testimony.**

The defendant has not testified before a grand jury relating to the offense charged.

**D.** **Prior Criminal Record**.  A copy of Defendant's criminal record has been provided to counsel for defendant.

**E.** **Documents and Tangible Objects**.  The Government will permit the defendant to inspect and copy or photograph those items set forth under the provisions of Rule 16(c) of the Federal Rules of Criminal Procedure, which are within the possession, custody, or control of the Government, which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at the trial, or were obtained from or belong to the defendant, including the following:

(a) All items discovered during the execution of a state search warrant on June 2, 2011 at 1121 Woodland in Jackson, Missouri.

(b) All items discovered during a consent search of the residence located at 1121 Woodlawn on June 6, 2011.

(c) A recording of the defendant's interview at FBI headquarters in Cape Girardeau, Missouri, on June 3, 2013.

(d) A transcript and recording of the defendant's plea of guilty to the offense of murder in the second degree in the Circuit Court of Cape Girardeau County on June 6, 2013.

  (e)  The manuscript of a book entitled, "If You Take My Kids, I Will Kill You."

These items will be made available to counsel for the defendant at a mutually agreeable time for inspecting, photographing or copying at the location where such evidence is held or at the U. S. Attorney's Office located in Cape Girardeau, Missouri, upon reasonable written notice to the Government.

  **F.**  <u>**Reports of Examinations or Tests**</u>.  The Government will permit the defendant to inspect, copy, or photograph any results or reports of physical or mental examinations, and scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.  These items will be made available for inspecting, photographing, or copying at the Office of the United States Attorney upon reasonable notice to the Government.

  The Government may introduce into evidence in its case in chief testimony regarding the following reports of examinations and tests:

  (a)  The reports of Medical Examiner Mary Case and Forensic Anthropologist Aaron Ogle concerning examination of the remains of Jacque Sue Waller;

  (b)  The reports of Tom Dezel concerning blood spatter evidence observed at 1121 Woodland, Jackson, Missouri on June 6, 2011;

  (c)  The reports of Special Agent Brian Ritter of event reconstruction conducted on December 9, 2015; and

    (d)       The reports of Special Agent John Hauger and Special Agent Brian Ritter concerning cell phone signal tests conducted on November 18, 2013.

    **G.**       <u>**Expert Witnesses.**</u>  The Government will provide defendant with a written summary of testimony the Government intends to use under Rule 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial as required by Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.  This summary will include the witnesses opinions, the basis and the reasons therefor, and the qualifications of the witness.  The Government will provide this information reasonably in advance of trial.

The Government may introduce into evidence in its case in chief the following testimony of expert witnesses:

    (a)       Medical Examiner Mary Case and Forensic Anthropologist Aaron Ogle, who will testify concerning examination of the remains of Jacque Sue Waller;

    (b)       Tom Dezel, who will testify concerning blood spatter evidence observed at 1121 Woodland, Jackson, Missouri on June 6, 2011;

    (c)       Special Agent Brian Ritter, who will testify regarding the event reconstruction conducted on December 9, 2015; and

    (d)       Special Agent John Hauger and Special Agent Brian Ritter, who will testify concerning cell phone signal tests conducted on November 18, 2013.

**2. BRADY MATERIAL.**

The Government is aware of its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giglio v. United States</u>, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), and will comply therewith.

### 3.  NAPUE V. ILLINOIS MATERIALS

The Government is aware of its obligations under Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2 1217 (1959), and will comply therewith.

### 4. JENCKS MATERIAL

The Government agrees to provide pretrial disclosure of all Jencks material which is discoverable under the provisions of Title 18, United States Code, Section 3500.  This disclosure will be made no later than the Friday before trial, in accordance with the custom and practice of this district.  This concession on the part of the Government is predicated upon a similar concession from the defendant with the Government's motion for production of statements of witnesses previously filed.

### 5. ELECTRONIC OR WIRE COMMUNICATIONS

There was no "electronic surveillance" conducted in this case.

### 6.  RULE 404(b) MATERIALS

The Government will comply with the requirements of Rule 404(b) regarding the appropriate disclosure of such evidence should the Government determine that it will offer evidence under Rule 404(b).  This disclosure will be made at a time sufficiently in advance of trial, that will permit the defense adequate time to prepare.

The Government may introduce evidence of the defendant's prior threat to kill Gary and Casaundra Hill communicated over the telephone on July 27, 2011.

### 7.  DISCLOSURE OF CONSIDERATION OFFERED TO INFORMANTS

Any promises or consideration paid or inducement offered to a confidential informant will be disclosed in sufficient time to permit the defense to effectively cross-examine any witnesses effected thereby or to present such evidence in their case in chief.

### 8.  ROUGH NOTES OF LAW ENFORCEMENT OFFICERS

Defendant has moved that government investigators be ordered to disclose any rough notes developed during the investigation.  Under present law, the Government is not required even to preserve such notes.  United States v. Leisure, 844 F.2d 1347, 1360-61 (8th Cir. 1988); United States v. Kuykendall, 633 F.2d 118, 119-20 (8th Cir. 1980); cf. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).  However, the Eighth Circuit has indicated that the better practice is to preserve rough notes in case a future need for them arises.  Leisure, 844 F.2d at 1360-61 n.10.  The Government opposes any motion to produce those notes.  The Government is aware of its duty to produce material subject to the rule in Brady v. Maryland and its progeny.  The Government will also produce any rough notes which were signed or adopted by a witness in the Government's case in chief and any recorded statements of the witness, pursuant to the Jencks Act.  United States v. Shyres, 898 F.2d 647, 657 (8th Cir. 1990).  The Government is under no duty to produce agents' rough notes or "statements" that fall outside these two areas, however. Fed. R. Crim. P. 16(a)(2); United States v. Williams, 962 F.2d 1218, 1224-25 (6th Cir. 1992); United States v. Pisello, 877 F.2d 762, 767-68 (9th Cir. 1989); United States v. Dekle, 768 F.2d 1257, 1263 (11th Cir. 1985); Kuykendall, 633 F.2d at 119-20; United States v. Burger, 773 F.Supp. 1419, 1425 (D. Kan. 1991).

## SCOPE OF DEFENDANT'S DISCOVERY REQUEST

There is no general constitutional right to discovery in a criminal case. <u>United States v. Bagley</u>, 473 U.S. 667, 105 S.Ct. 3375 (1985); <u>United States v. Grier</u>, 866 F.2d 908, 917 (7th Cir. 1989). In most criminal prosecutions, Rule 16, the rule of <u>Brady v. Maryland</u>, and the Jencks Act exhaust the scope of discovery to which a defendant is entitled. <u>United States v. Presser</u>, 844 F.2d 1275, 1286 n. 12 (6th Cir. 1988).

The defendant's motion for discovery and inspection requests the production and/or inspection of numerous matters which may exceed the scope of Rule 16, <u>Brady v. Maryland</u> and the Jencks Act. The Government objects to each and every request contained in defendant's motion not specifically provided for in Rule 16, <u>Brady v. Maryland</u>, or the Jencks Act, as being beyond the scope required by <u>Brady</u>; 18 U.S.C. § 2510-20; 18 U.S.C. § 3504; and Rules 12(d)(2), 16, and 41 of the Federal Rules of Criminal Procedure.

                                                RICHARD G. CALLAHAN
                                                UNITED STATES ATTORNEY

                                                <u>/s/Larry H. Ferrell</u>
                                                LARRY H. FERRELL, #28874MO
                                                ASSISTANT UNITED STATES ATTORNEY
                                                555 Independence, 3rd Floor
                                                Cape Girardeau, MO 63703
                                                (573) 334-3736

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Scott F. Tilsen
Assistant Federal Public Defender

/s/Larry H. Ferrell
Larry H. Ferrell, #28874MO
Assistant United States Attorney